UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| MICHAEL LEAK,<br><br>                Plaintiff,<br><br>v.<br><br>JODI DEANGELO, *et al.*,<br><br>                Defendants. | Case No. 22-10962<br>Honorable Sean F. Cox<br>Magistrate Judge Elizabeth A. Stafford |

**REPORT AND RECOMMENDATION TO GRANT
DEFENDANTS' MOTION TO DISMISS AND
FOR SUMMARY JUDGMENT
(ECF NO. 22)**

## I.    Introduction

Plaintiff Michael Leak, a prisoner proceeding pro se and in forma pauperis, sues various defendants from the Michigan Department of Corrections (MDOC) under 42 U.S.C. § 1983. ECF No. 1. The Honorable Sean F. Cox referred the case to the undersigned for all pretrial matters under 28 U.S.C. § 636(b)(1). ECF No. 19. Defendants move to dismiss the claims against them under Federal Rule of Civil Procedure 12(b)(6) and for summary judgment for failure to exhaust administrative remedies. ECF No. 22. The Court **RECOMMENDS** that defendants' motion be **GRANTED** under Rule 12(b)(6) without addressing the exhaustion issue.

## II.     Background

Leak names as defendants Jodi DeAngelo, Melissa Godfrey, Paul Schreiber, Alexa Sudomier, and the health care unit at the Woodland Center Correctional Facility (WCC), alleging violations of his First, Eighth, and Fourteenth Amendment rights starting in February 2021.  ECF No. 1. He claims he filed three Prison Rape Elimination Act (PREA) grievances in 2021, but that Inspector Schreiber and grievance coordinator Sudomier denied him PREA Step II appeal forms, violating his due process rights and denying him access to the courts.  *Id.*, PageID.8-9.  Leak alleges that Warden DeAngelo is liable because she is "legally responsible for the operations of [WCC]" and because she told staff to not give PREA Step II appeals to prisoners.  *Id.*, PageID.7, 9.  He also claims that Deputy Warden Godfrey refused to process his grievances and denied him access to the law library in early 2022.  *Id.*, PageID.4, 10, 12.  Leak sues them in their personal and official capacities.  *Id.*, PageID.2.

In Leak's claims against the WCC health care unit, he alleges that after he filed a civil complaint and many grievances about his right arm pain, body rashes, and infected feet, the health care unit retaliated by denying him "basic medical attention."  *Id.*, PageID.4, 10, 47, 67.  He says that the health care unit delayed his post-surgery physical therapy, refused

2

to renew his medical detail for light work, and withheld medical supplies that his physical therapist recommended. *Id.*, PageID.8, 10-11.

## III. Analysis

### A.

A motion to dismiss under Rule 12(b)(6) tests a complaint's legal sufficiency. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The *Iqbal* Court explained, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The complaint's allegations "must do more than create speculation or suspicion of a legally cognizable cause of action; they must show *entitlement* to relief." *League of United Latin Am. Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007) (emphasis in original).

In deciding whether a plaintiff has set forth a "plausible" claim, the Court must construe the complaint in the light most favorable to the plaintiff and accept as true all well-pleaded factual allegations. *Id.* But "[t]hreadbare recitals of the elements of a cause of action, supported by

3

mere conclusory statements, do not suffice," *Iqbal*, 556 U.S. at 678, and the Court has no duty to create a claim not spelled out in the pleadings. *Freightliner of Knoxville, Inc. v. DaimlerChrysler Vans, LLC*, 484 F.3d 865, 871 n.4 (6th Cir. 2007).

Pleadings filed by *pro se* litigants are entitled to a more liberal reading than would be afforded to formal pleadings drafted by lawyers, but such complaints still must plead a plausible claim for relief. *Davis v. Prison Health Services*, 679 F.3d 433, 437-38 (6th Cir. 2012).

**B.**

In his complaint, Leak sues the WCC health care unit without naming any individual health care staff.[1]  See ECF No. 1, PageID.7-9.  Defendants argue that the health care unit enjoys sovereign immunity under the Eleventh Amendment.  ECF No. 22, PageID.174.  The Eleventh Amendment protects states, their departments, and agencies from suit in federal court for injunctive relief or damages by their own citizens or citizens of another state.  *Regents of the Univ. of Cal. v. Doe*, 519 U.S.

---

[1] Leak moved to amend his complaint to name specific employees in the WCC health care unit.  ECF No. 10.  The Court struck the motion because it was filed during a stay of action and because Leak provided no proposed amended complaint.  ECF No. 24.  The Court also noted that the allegations Leak cited in his motion were too conclusory to state a plausible claim.  *Id*.  Leak did not move again to amend his complaint.

4

425, 429 (1997); *Mich. Interlock, LLC v. Alcohol Detection Sys., LLC*, 360 F. Supp. 3d 671, 676 (E.D. Mich. 2018), *aff'd*, 802 F. App'x 993 (6th Cir. 2020).  Without clear abrogation of a state's immunity under a valid exercise of power, it may not be sued without its consent.  *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 98-99 (1984).  Michigan has not consented to civil rights suits in federal court.  *Johnson v. Dellatifa*, 357 F.3d 539, 545 (6th Cir. 2004).

Thus, MDOC and its facilities are immune from being sued for money damages under § 1983.  *Harrison v. Michigan*, 722 F.3d 768, 771 (6th Cir. 2013).  MDOC heath care units cannot be sued here both because of Eleventh Amendment immunity and because they are not "persons" subject to suit under § 1983.  *Blaylock v. Cooper*, No. 22-10049, 2023 WL 2520596, at *5 (E.D. Mich. Feb. 27, 2023), *adopted*, 2023 WL 2507454 (E.D. Mich. Mar. 14, 2023) (dismissing prisoner's Eighth Amendment claims against the St. Louis Correctional Facility's "Healthcare Unit"); *Benn v. Michigan Dep't of Corr.*, No. 1:23-CV-11, 2023 WL 2643498, at *3 (W.D. Mich. Mar. 27, 2023) (dismissing prisoner's claims against the "Health Care Department at [the Richard A. Handlon Correctional Facility]").  The claims against the WCC health care unit should be dismissed.

Eleventh Amendment immunity also extends to state employees being sued in their official capacities. *See Colvin v. Caruso*, 605 F.3d 282, 289 (6th Cir. 2010). Thus, official capacity claims against DeAngelo, Schreiber, Sudomier, and Godfrey for money damages should be dismissed too.

## C.

Defendants contend that Leak fails to state due process claims against them based on their alleged interference with his attempts to pursue grievances. ECF No. 22, PageID.176. The Court agrees.

Leak alleges that Schreiber and Sudomier denied him PREA Step II appeal forms; that DeAngelo instructed staff to deny inmates these appeals; and that Godfrey refused to process his grievances. ECF No. 1, PageID.7-9. But there is no constitutionally protected due process right to an effective prison grievance procedure, and Michigan did not create a liberty interest in the grievance procedure. *Argue v. Hofmeyer*, 80 F. App'x 427, 430 (6th Cir. 2003) ("[T]here is no inherent constitutional right to an effective prison grievance procedure."); *Annabel v. Michigan Dep't of Corr.*, No. 1:16-CV-543, 2018 WL 3455407, at *12 (W.D. Mich. July 18, 2018) ("[I]nterference with the grievance process does not violate the Due Process Clause [and] does not deprive Plaintiff of his right to access the

courts or the right to petition government."); *Swarm v. Bolton*, No. 3:17-CV-P682-TBR, 2018 WL 1884811, at *4 (W.D. Ky. Apr. 19, 2018) (finding that prisoner's due process claim for staff not following grievance procedure and properly handing his grievances failed to state a claim under § 1983).

The Court also agrees with defendants' argument that Leak fails to state an access-to-the-courts claim under the First Amendment. "[T]o state a claim for interference with access to the courts, a plaintiff must show actual injury." *Harbin-Bey v. Rutter*, 420 F.3d 571, 578 (6th Cir. 2005) (cleaned up). "Examples of actual prejudice to pending or contemplated litigation include having a case dismissed, being unable to file a complaint, and missing a court-imposed deadline." *Id*. Leak had to "plead and demonstrate that the official interference hindered his efforts to pursue a nonfrivolous legal claim." *Nguyen v. Floyd*, 618 F. Supp. 3d 629, 633 (E.D. Mich. 2022). Leak alleges no "actual injury" resulting from his inability to file grievance appeals. ECF No. 1. He did not plead that defendants' actions caused a lawsuit to be dismissed for failure to exhaust his claims or that defendants damaged pending or contemplated litigation. *See Tomzek v. Blatter*, No. 1:08-CV-635, 2008 WL 4738942, at *5 (W.D. Mich. Oct. 24, 2008).

And Leak cannot claim that any denied access to the grievance process compromised his right of access to the courts. *Id.* The Prison Litigation Reform Act (PLRA) requires prisoners to "properly" exhaust all "available" administrative remedies before filing a lawsuit. 42 U.S.C. § 1997e(a); *Woodford v. Ngo*, 548 U.S. 81, 88-90, 93 (2006). If Leak showed that defendants improperly interfered with the grievance process, the process would be considered unavailable, and the non-exhaustion of his claims would not be grounds for dismissal. *Ross v. Blake*, 578 U.S. 632, 643 (2016).

Leak also alleges that Godfrey denied him access to the law library during periods from February to April 2022, which prevented him from accessing the courts. ECF No. 1, PageID.4, 8, 10, 12. But Leak has alleged not alleged a nonfrivolous claim that he could not pursue because of the alleged lack of access to the law library; he has alleged no actual injury. *Harbin-Bey*, 420 F.3d at 578; *Nguyen*, 618 F. Supp. 3d at 633. So his claim against Godfrey should be dismissed.

## IV.   Conclusion

The Court **RECOMMENDS** that defendants' motion to dismiss be **GRANTED** (ECF No. 22).

8

s/Elizabeth A. Stafford  
ELIZABETH A. STAFFORD  
United States Magistrate Judge

Dated: February 9, 2024

## NOTICE TO THE PARTIES ABOUT OBJECTIONS

Within 14 days of being served with this report and recommendation, any party may serve and file specific written objections to this Court's findings and recommendations.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2).  If a party fails to timely file specific objections, any further appeal is waived.  *Howard v. Secretary of HHS*, 932 F.2d 505 (6th Cir. 1991)*.*  And only the specific objections to this report and recommendation are preserved for appeal; all other objections are waived.  *Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir. 1991).

Each **objection must be labeled** as "Objection #1," "Objection #2," etc., and **must specify** precisely the provision of this report and recommendation to which it pertains.  Within 14 days after service of objections, **any non-objecting party must file a response** to the objections, specifically addressing each issue raised in the objections in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.  The response must be **concise and proportionate in length and complexity to the objections**, but there is otherwise no page

limitation. If the Court determines that any objections lack merit, it may rule without awaiting the response.

## CERTIFICATE OF SERVICE

The undersigned certifies that this document was served on counsel of record and any unrepresented parties via the Court's ECF System to their email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on February 9, 2024.

s/Marlena Williams  
MARLENA WILLIAMS  
Case Manager
